MAGISTRATE JUDGE J. RICHARD CREATURA

10-CR-05249-ORD



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES COLLINS, <br><br> Defendant/Petitioner. | NO. CR10-5249 <br><br> FINDINGS AND ORDER ACCEPTING DEFENDANT FOR DEFERRED PROSECUTION, APPROVING TREATMENT PLAN, AND DIRECTING DEFENDANT TO TAKE TREATMENT AS PRESCRIBED <br><br> (Clerk's Action Required) |

THIS MATTER, coming on for hearing this 6th day of December, 2010 upon the defendant's Petition for Deferred Prosecution; the defendant appearing in person and by his attorney, Russell V. Leonard, Assistant Federal Public Defender; the United States of America being represented by Patrick Regan, Special Assistant United States Attorney; the Court, having examined and incorporated into the record Petitioner's Petition and Statement in support of deferred prosecution, the letter, evaluation and treatment reports prepared by Francis Corn of Good Samaritan Hospital/Behavioral Healthcare, and the files and records herein, being fully advised in the premises, does now make and enter the following:

///

///

FINDINGS AND ORDER ACCEPTING DEFENDANT
FOR DEFERRED PROSECUTION - 1

FEDERAL PUBLIC DEFENDER
1331 Broadway, Ste. 400
Tacoma, Washington 98402
(253) 593-6710

## I. FINDINGS OF FACT

A. The Petitioner is charged by information with reckless driving. This offense occurred as a direct result of his mental health problems;

B. Petitioner suffers from mental health problems – Major Depressive Disorder and Impulse Control Disorder – and is in need of treatment;

C. The probability of similar misconduct in the future is great if these problems are not treated;

D. Petitioner is amenable to treatment;

E. An effective rehabilitative treatment plan is available to Petitioner through Good Samaritan Hospital/Behavioral Healthcare, an approved treatment facility as designated by the laws of the State of Washington, and Petitioner agrees to be liable for all costs of this treatment program;

F. That Petitioner agrees to comply with the terms and conditions of the program offered by Good Samaritan, attached to Statement of Petitioner filed herewith, and that Petitioner agrees to be liable for all costs of this treatment program;

G. That Petitioner has knowingly and voluntarily stipulated to the admissibility and sufficiency of the facts as contained in the written police report attached to Statement of Petitioner filed herewith.

H. That Petitioner has acknowledged the admissibility of the stipulated facts in any criminal hearing or trial on the underlying offense or offenses held subsequent to revocation of this Order Granting Deferred Prosecution and that these reports will be used to support a finding of guilt;

From the foregoing FINDINGS OF FACT, the Court draws the following:

///

///

FINDINGS AND ORDER ACCEPTING DEFENDANT
FOR DEFERRED PROSECUTION - 2

FEDERAL PUBLIC DEFENDER
1331 Broadway, Ste. 400
Tacoma, Washington 98402
(253) 593-6710

## II. CONCLUSIONS OF LAW

A. That the above-entitled Court has jurisdiction over the subject matter and Petitioner James Collins, in this case;

B. That Petitioner's Petition for Deferred Prosecution meets the requirements of RCW 10.05 et seq.;

C. That the diagnostic evaluation and commitment to treatment meets the requirements of RCW 10.05.150;

D. That Petitioner is eligible for deferred prosecution.

## III. ORDER

Having made and entered the foregoing FINDINGS OF FACT and CONCLUSIONS OF LAW, it is hereby

ORDERED that the defendant is accepted for deferred prosecution. The prosecution of the above-entitled matter is hereby deferred for five (5) years pursuant to RCW 10.05 et seq., upon the following terms and conditions:

A. Petitioner shall be on probation for the deferral period and follow the rules and regulations of probation;

B. Petitioner shall enroll in and successfully complete a two-year treatment program recommended by Good Samaritan Hospital/Behavioral Healtcare according to the terms and conditions of that plan as outlined by Good Samaritan's diagnostic evaluation and treatment records, a true copy of which is attached to the Petition and incorporated herein by reference. Petitioner shall not change treatment agencies without prior Probation approval;

C. The treatment facility, Good Samaritan Hospital/Behavioral Healthcare, shall file with the United States Probation Office status reports of Petitioner's compliance with treatment, monthly during the first year of the deferred prosecution period and every three (3) months during the second year. The Court may increase the frequency of these reports at its discretion;

FINDINGS AND ORDER ACCEPTING DEFENDANT
FOR DEFERRED PROSECUTION - 3

FEDERAL PUBLIC DEFENDER
1331 Broadway, Ste. 400
Tacoma, Washington 98402
(253) 593-6710

1  D. Petitioner shall notify U.S. Probation within 72 hours of any residence change.

2  E. Petitioner shall abstain during the deferred prosecution period from any and all consumption of non-prescribed mind-altering drugs;

4  F. Petitioner shall not operate a motor vehicle on the public highways without a valid operator's license and proof of liability insurance sufficient to comply with the state laws on financial responsibility;

7  G. Petitioner shall be law abiding and shall not commit any alcohol/drug related offenses or other criminal offenses during the period of deferral,

9  H. Petitioner shall notify U.S. Probation within 72 hours of being arrested, questioned, or cited by Law Enforcement;

11  I. In the event that Petitioner fails or neglects to carry out and fulfill any term or condition of his treatment plan or violates any provision of this Order or any rule or regulation of his probation officer, upon receiving notice, the Court shall hold a hearing to determine why Petitioner should not be removed from deferred prosecution and prosecuted for the offense/offenses charged;

16  J. In the event the Court finds cause to revoke this deferred prosecution, the stipulated police reports shall be admitted into evidence, and Petitioner shall have her guilt or innocence determined by the Court;

19  K. That the statement of Petitioner for Deferred Prosecution shall remain sealed, and all subsequent reports or documents relating to her treatment information shall be sealed, to maintain confidentiality of Petitioner's treatment information;

22  L. That the Department of Licensing be notified of this Order accepting the Petitioner for deferred prosecution;

24  M. Upon proof of Petitioner's successful completion of five years deferral period in this Order, the Court shall dismiss the charges pending against Petitioner.

26

FINDINGS AND ORDER ACCEPTING DEFENDANT
FOR DEFERRED PROSECUTION - 4

FEDERAL PUBLIC DEFENDER
1331 Broadway, Ste. 400
Tacoma, Washington 98402
(253) 593-6710

N.  Additional conditions: _____

_____

_____.

DONE IN OPEN COURT this ___6th___ day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

Presented by:

_____
Russell V. Leonard
Attorney for Petitioner

I have received a copy of the foregoing Order of Deferred Prosecution. I have read and understand its contents, and agree to abide by the terms and conditions set forth herein.

Dated: 12/6/2010      _____
James Collins
Petitioner

I certify that a copy of this signed Order was mailed to the subject treatment facility, on ___Dec 9___, 2010. The United States Probation Office was also furnished a copy of this Order.

_____
Clerk

FINDINGS AND ORDER ACCEPTING DEFENDANT
FOR DEFERRED PROSECUTION - 5

FEDERAL PUBLIC DEFENDER
1331 Broadway, Ste. 400
Tacoma, Washington 98402
(253) 593-6710